Gary BURRIS, Petitioner,

v.

STATE of Indiana, Respondent.

No. 49S00–9509–SD–1112.

Supreme Court of Indiana.

Nov. 17, 1997.

### ORDER

On November 12, 1997, Petitioner Gary Burris, *pro se*, filed a "Successive Petition For Post-Conviction Relief," which we consider to be a request for leave to file a successive petition as contemplated in Indiana Post–Conviction Rule 1 Section 12(a).

Burris was convicted of murdering Kenneth W. Chambers in the course of a robbery and was sentenced to death. *Burris v. State*, 465 N.E.2d 171 (Ind.1984), *reh'g denied, cert. denied* 469 U.S. 1132, 105 S.Ct. 816, 83 L.Ed.2d 809 (1985). We later vacated the death sentence in his first post-conviction proceedings, and ordered a new penalty phase trial. *Burris v. State*, 558 N.E.2d 1067 (Ind.1990), *reh'g denied*. Burris was re-sentenced to death, and we affirmed this sentence on direct appeal. *Burris v. State*, 642 N.E.2d 961 (Ind.1994), *reh'g denied, cert. denied* —— U.S. ——, 116 S.Ct. 319, 133 L.Ed.2d 221 (1995).

We have denied earlier requests filed by counsel for leave to pursue successive post-conviction relief. *Burris v. State*, No. 49S00–9509–SD–1112, orders of October 19, 1995 and October 30, 1997.

In the instant petition, Burris asserts that he is entitled to pursue successive post-conviction relief because the information charging him with felony murder was defective. After having reviewed the papers submitted by Burris and such other matters as we have deemed pertinent, we conclude that the claim Burris raises in his tendered successive petition for post-conviction relief is either the same claim or is legally indistinguishable from the claim that this Court addressed in *Burris v. State,* 465 N.E.2d at 180–81. As such, the claim is barred under Indiana law by the doctrine of *res judicata,* and our rules for post-conviction relief. After careful consideration, we have determined that the pleadings conclusively show that Burris is entitled to no relief. Ind.P–C.R. 1 § 12(b).

Accordingly, the Court DECLINES TO AUTHORIZE the filing of a successive petition for post-conviction relief.

The Clerk is directed to certify this order as final. This order is not subject to rehearing under Indiana Appellate Rule 11.

All Justices concur.